UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BROADCAST MUSIC, INC., WELSH
WITCH MUSIC, FOREIGN IMPORTED
PRODUCTIONS AND PUBLISHING
INC., RICK'S MUSIC, INC., RED SEA
SONGS, SONY/ATV SONGS, LLC, R
AND R NOMAD PUBLISHING
COMPANY, 4U2ASKY
ENTERTAINMENT INC. and THE
LUMINEERS,

    Plaintiffs,

v.                                       Case No: 5:17-cv-154-Oc-30PRL

LEIGH ANN PIPPIN, LLC and
LEIGH ANN PIPPIN,

    Defendants.

## **ORDER**

THIS CAUSE comes before the Court on Plaintiffs' Motion to Strike (Doc. 14) Defendants' Answer (Doc. 13). Defendants failed to respond to the Motion, and the Court ordered the Defendants to show cause why the Court should not consider the Motion without a response from Defendants. Defendants responded to the Order to show cause on April 27, 2017 (Doc. 18), but did not respond to Plaintiffs' Motion. Having considered the Motion, Defendants' response to the Order to Show Cause, and the relevant law, the Court concludes Plaintiffs' Motion should be granted.

## BACKGROUND

Defendant Leigh Ann Pippin is the managing member of Leigh Ann Pippin, LLC, which operates 1884 Restaurant and Bar in Eustis, Florida. Plaintiffs allege that Defendants have been in repeated violation of the Copyright Act for not buying the necessary licenses to play music from Plaintiff "BMI's Repertoire." (Doc. 1, ¶3). After allegedly reaching out to Defendants more than 75 times and sending cease and desist notices, Plaintiffs allege they were forced to bring this lawsuit for multiple claims of willful copyright infringement.

## DISCUSSION

Plaintiffs sued Defendants on February 13, 2017, for eight claims of copyright infringement in a single-count Complaint (Doc. 1). Defendant Leigh Ann Pippin, proceeding *pro se*, filed an Answer (Doc. 13) on March 17, 2017, on behalf of herself and Leigh Ann Pippin, LLC. The Answer is one page and fails to respond to the individual allegations in the Complaint. The Answer places the blame for the alleged copyright infringement on independent contractors Defendants hired, and generally denies having committed any violations. Plaintiffs now argue the Answer must be stricken for two reasons, and the Court agrees with both.

First, Defendant Leigh Ann Pippin, LLC is not permitted to proceed without counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *Energy Lighting Mgmt., LLC v. Kinder,* 363 F.Supp.2d 1331, 1332 (M.D.Fla.2005); *FTC v. RCA Credit Servs., LLC,* 2010 WL 2927688, at *1 n. 4 (M.D.Fla. July 21, 2010). The Court explained this in its Order to Show Cause, and Defendants' only response was that it cannot afford counsel. While the Court is sympathetic to the position in which this places Defendant, the

Court cannot re-write the law to allow an LLC to defend an action unrepresented by counsel. So the Answer must be stricken as to Defendant Leigh Ann Pippin, LLC.

Second, the Answer must also be stricken as to Leigh Ann Pippin individually because it fails to comport with the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure provide that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While *pro se* pleadings are held to a less stringent standard and are to be liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Defendants' Answer fails to comport with Federal Rules of Civil Procedure 8 and 10. Rule 8 provides as follows:

> (b) **Defenses; Admissions and Denials.**
>> (1) *In General.* In responding to a pleading, a party must:
>>> (A) state in short and plain terms its defenses to each claim asserted against it; and
>>> (B) admit or deny the allegations asserted against it by an opposing party.
>
> …
>
>> (3) *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

3

Fed. R. Civ. P. 8(b). Defendants' Answer fails to comply with Rule 8 because it does not respond to the individual allegations in each paragraph of the Complaint, and it is clear that Defendants are not denying all of the allegations of the Complaint.

Rule 10 provides as follows:

> (b) **Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). Defendants' Answer does not comply with Rule 10 because it fails to separate its defenses into separate paragraphs to which Plaintiffs can respond.

For the reasons discussed above, the Court concludes the Answer must be stricken. The Court will give Defendants 30 days to file a proper response to the Complaint. Failure to comply with the rules again could result in the Court striking the Answer a second time and entering a default against Defendants.[1] *Kennedy v. Bell S. Telecommunications, Inc. (AT&T)*, 546 F. App'x 817, 820 (11th Cir. 2013). The Court again notes that Defendant Leigh Ann Pippin, LLC must obtain counsel if it intends to defend this action. If Defendant Leigh Ann Pippin, LLC does not obtain counsel within 30 days, the Court will enter a default against it.

---

[1] Defendant Leigh Ann Pippin is encouraged to visit the Middle District of Florida website for more information about proceeding without a lawyer at the following address: *http://www.flmd.uscourts.gov/pro_se/default.htm#* .

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion to Strike (Doc. 14) is GRANTED.

2. Defendants' Answer (Doc. 13) is STRICKEN.

3. Defendant Leigh Ann Pippin has 30 days from the date of this Order to file a response to the Complaint that comports with the Local Rules and Federal Rules of Civil Procedure.

4. Defendant Leigh Ann Pippin, LLC has 30 days from the date of this Order to obtain counsel to file a response to the Complaint. If it does not, the Court will enter a default against Defendant Leigh Ann Pippin, LLC.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of May, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record